**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

FILED

SEP 30 1996

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

|                          |   |                      |
|--------------------------|---|----------------------|
| **UNITED STATES OF AMERICA** | ) |                  |
|                          | ) |                      |
| **v.**                   | ) | **CR. NO. 91-73-N**  |
|                          | ) |                      |
| **EDNA P. OLIVER &**     | ) |                      |
| **JOHNNIE D. OLIVER**    | ) |                      |

## MEMORANDUM OPINION & ORDER

### I. INTRODUCTION

This cause is now before the court on Defendant Edna P.
Oliver's motion to vacate, set aside, or correct sentence
pursuant to 28 U.S.C. § 2255, filed herein on March 15, 1996; the
Government's response to Edna Oliver's motion, filed herein on
July 31, 1996; the Government's motion for resentencing Defendant
Johnnie D. Oliver, filed herein on August 1, 1996; and Defendant
Johnnie D. Oliver's response to the Government's motion, filed
herein on August 21, 1996.

On June 26, 1991, Defendant Edna P. Oliver was found guilty
of conspiracy to possess with intent to distribute cocaine base
(21 U.S.C. § 846), possession with intent to distribute cocaine
base (21 U.S.C. § 841(a)(1)), possession of a firearm by a
convicted felon (18 U.S.C. § 924(g)(1)), and using and carrying
firearms during and in relation to a drug trafficking crime (18
U.S.C. § 924(c)(1)).  On August 2, 1991, the court sentenced Edna
Oliver to 196 months imprisonment.  The term consisted of 136
months on the cocaine base convictions and 120 months on the

EOD  9-30-96

possession of a firearm by a convicted felon conviction, to run concurrently with each other. The court also sentenced Edna Oliver to a consecutive 60 months term in prison on the § 924(c)(1) conviction, and an 8 year term of supervised release upon release from imprisonment.

On March 15, 1996, Defendant Edna Oliver filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. She argues that her conviction under 18 U.S.C. § 924(c)(1) for using and carrying firearms during and in relation to a drug trafficking crime should be vacated in light of the United States Supreme Court's recent decision in Bailey v. United States, ___ U.S. ___, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995)(holding that the "use" prong of § 924(c)(1) requires the "active employment" of a firearm). In its response to Edna Oliver's motion, the Government conceded that her conviction under § 924(c)(1) should be set aside. However, the Government went on to request that the court resentence Edna Oliver on the ground that without the § 924(c)(1) conviction, a sentence enhancement is now appropriate under the United States Sentencing Guidelines.

On June 26, 1991, Defendant Johnnie D. Oliver was found guilty of conspiracy to possess with intent to distribute cocaine base (21 U.S.C. § 846), possession with intent to distribute cocaine base (21 U.S.C. § 841(a)(1)), distribution of cocaine base (21 U.S.C. § 841(a)(1)), and using and carrying firearms during and in relation to a drug trafficking crime (18 U.S.C. §

2

924(c)(1)). On August 2, 1991, the court sentenced Johnnie
Oliver to 157 months imprisonment. The term consisted of 97
months on the cocaine base convictions and 60 months on the §
924(c)(1) conviction, to be served consecutively. The court also
sentenced Johnnie Oliver to a 5 year term of supervised release
on the cocaine base convictions and a 3-year term of supervised
release on the § 924(c)(1) conviction, to be served concurrently.

On May 8, 1996, Defendant Johnnie Oliver filed a motion to
vacate, set aside, or correct sentence under 28 U.S.C. § 2255.
He argued that his conviction under 18 U.S.C. § 924(c)(1) for
using and carrying firearms during and in relation to a drug
trafficking crime should be vacated in light of the Bailey
decision. On August 1, 1996, the court adopted the Amended
Recommendation of the Magistrate Judge, filed herein on July 15,
1996, and ordered that Johnnie Oliver's § 2255 motion be granted
and his § 924(c)(1) conviction be vacated. Later that same day,
the government filed a motion for resentencing of Johnnie Oliver
on the same ground that it requested the court to resentence Edna
Oliver.

For the reasons stated below, this court finds that
Defendant Edna Oliver's motion to vacate, set aside, or correct
sentence pursuant to 28 U.S.C. § 2255 is due to be GRANTED; the
Government's motion for resentencing Johnnie D. Oliver is due to
be GRANTED.

## II. DISCUSSION

### A. Edna Oliver's § 2255 Motion

As noted in the Introduction, Defendant Edna Oliver was convicted under 18 U.S.C. § 924(c)(1) for using and carrying a firearm during and in relation to a drug trafficking crime. After the Supreme Court issued its decision in <u>Bailey</u>, Edna Oliver filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Government, in its response to Edna Oliver's § 2255 motion, conceded that the § 924(c)(1) conviction should be set aside. On August 2, 1996, the Magistrate Judge filed her recommendation in this cause.

There being no objections filed to the Amended Recommendation of the Magistrate Judge, filed herein on August 2, 1996, said Recommendation is hereby adopted to the extent that it recommends that Edna Oliver's motion be granted and her § 924(c)(1) conviction be vacated. It is the **ORDER, JUDGMENT**, and **DECREE** of the court that the motion to vacate, set aside, or correct sentence filed by Defendant Edna Oliver on March 15, 1996, under the provisions of 28 U.S.C. § 2255 is hereby **GRANTED**. It is further **ORDERED** that Edna Oliver's conviction under 18 U.S.C. § 924(c)(1) is hereby **VACATED**.

### B. Government's Request that the Court Resentence Edna Oliver

As noted in the Introduction, the Government, in its

4

response to Defendant Edna Oliver's § 2255 motion, requested that the court resentence Edna Oliver after vacating the § 924(c)(1) conviction. The Government requests that the court apply U.S.S.G. § 2D1.1(b)(1) to Edna Oliver's remaining drug convictions. Section 2D1.1(b)(1) is an enhancement provision which provides that two levels should be added to the base offense level if a dangerous weapon was possessed in connection with the drug offenses. The court was precluded from applying this provision at the original sentencing because a sentence under § 924(c)(1) and an enhancement under § 2D1.1(b)(1) would have been "double counting." See U.S.S.G. § 2K2.4, comment. (n.2).

The Recommendation of the Magistrate Judge, filed herein on August 2, 1996, agreed with the Government that the court should resentence Edna Oliver and apply the enhancement provision. However, the cases cited by the Magistrate Judge and the Government are authority for a district court to resentence a defendant on remand from the court of appeals after a direct appeal of the defendant's convictions. This case involves a collateral attack of a sentence, rather than a direct appeal. More discussion is needed before the court can agree to resentence Defendant Edna Oliver.

The court is faced with the following issue: When a prisoner collaterally attacks her sentence under 28 U.S.C. § 2255 on fewer than all counts of which she was convicted, and the

5

court vacates the challenged sentence(s), does the court have authority and jurisdiction to resentence the prisoner on any unchallenged counts?

Stated differently, the issue before the court is whether the court can resentence a prisoner on counts of which he was previously convicted and of which the prisoner did not challenge in a § 2255 collateral attack. To properly analyze this issue, it is important to analyze the law from the time at which the issue was first presented to the court of appeals to the present. In 1972, the former Fifth Circuit confronted this issue as one of first impression in the circuit. The former Fifth Circuit considered whether it was proper for a district court, when faced with a § 2255 motion, to reduce the prisoner's sentence on the challenged count and at the same time increase the prisoner's prior, legal sentence on another unchallenged count. Chandler v. United States, 468 F.2d 834 (5th Cir. 1972).[1]

In Chandler, the § 2255 movant was convicted on count one for willfully subscribing a fraudulent tax return and was sentenced to five years imprisonment. Chandler, 468 F.2d at 834. However, the statutory maximum imprisonment for count one was three years. Id. The movant was also convicted on count two for willfully evading federal income tax and was sentenced to three

---

[1]    The Eleventh Circuit, in the en banc decision Bonner v. City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

6

years imprisonment, to be served concurrently with the count one sentence. Id. The statutory maximum imprisonment for count two was five years.[2] Id. The movant filed her 28 U.S.C. § 2255 motion because her sentence on count one exceeded the statutory maximum. Id. at 835. The district court reduced movant's sentence on count one from five years to three years, the statutory maximum penalty. Id. The district court then raised movant's sentence on count two from three years to five years, the statutory maximum. Id. The district court's reason for modifying the sentence on the unchallenged count was to conform the entire sentence to the original intentions of the district court. Id.

The movant appealed the district court's decision to raise her sentence on the unchallenged count as violative of double jeopardy. Id. Noting that this issue was one of first impression in the circuit, the former Fifth Circuit held as follows:

> To allow the trial court's action in this case to stand would place a rather formidable deterrent in the path of a convicted defendant who desires to apply for post-conviction relief on only one count of a multi-count conviction. By subjecting the defendant to the contingency of having a non-challenged sentence escalated to the statutory maximum, we would truly be inviting the defendant to play "Russian Roulette."

---

[2]     From the decision, it appears that the district court inadvertently mixed up counts one and two, by applying the five-year statutory maximum imprisonment of count two to count one, and by applying the three-year statutory maximum imprisonment of count one to count two.

Admittedly, the government is requesting only that a
narrow hole be bored in the double jeopardy clause. We
will not, however, allow deeply entrenched
constitutional rights to be made subject to claims of
"inadvertent error" and we must plug up the hole,
however small, left open by the trial court's auger.
We cannot allow even judicial remembrances of things
past to dim the constitutional incandescence of the
Fifth Amendment."

Id. at 837 (internal citations omitted). The former Fifth
Circuit then affirmed the district court's reduction of the
movant's sentence on count one, and reversed the district court's
upward modification of the sentence on the unchallenged count
two, because such action violated the movant's rights against
double jeopardy. Id.

The Eleventh Circuit Court of Appeals has not revisited the
specific issue in Chandler, i.e., the issue of whether a district
court has the authority to resentence a defendant on an
unchallenged count after a successful collateral attack on fewer
than all counts on which the defendant was convicted.
Nonetheless, the Eleventh Circuit has held that a prisoner is not
subjected to double jeopardy when the district court resentences
a prisoner after vacating the prior illegal sentences pursuant to
a successful collateral attack on all of the counts on which he
was sentenced. United States v. Cochran, 883 F.2d 1012, 1017
(11th Cir. 1989).

In his collateral attack, Cochran only challenged the
enhancements of his prior conviction; thus, he argued that the
district court could only vacate the enhancement portion of the

8

prior sentences and could not modify other aspects of the prior sentences. Cochran, 883 F.2d at 1014. The court of appeals noted that one of the purposes of the Double Jeopardy Clause of the Fifth Amendment is to protect against multiple punishments for the same offense. Id. at 1016. "It is the multiple punishment prohibition which may be violated when a defendant's original sentence is increased in a second proceeding. . . . In such a circumstance, the double jeopardy inquiry turns on the extent and legitimacy of a defendant's 'expectation of finality in the original sentence.'" Id. (quoting United States v. DiFrancesco, 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L. Ed. 2d 328 (1980)) (also citing United States v. Jones, 722 F.2d 632, 638 (11th Cir. 1983)). Because Cochran attacked all of his prior sentences, he defeated, by his own hand, his expectation of finality in the sentences. Id. at 1017. "Once the [district] court nullified the [prior] sentences, they were void in their entirety. . . . The district judge was free to reconstruct Cochran's punishment by imposing unenhanced consecutive and concurrent sentences which approximated his original sentencing intent. . . ."[3] Id.

In regard to the present action, Cochran is most relevant

---

[3]     The court of appeals also held that "[r]esentencing may also implicate the Due Process Clause if, after the vacatur of a defendant's sentences, the district court imposes a harsher punishment. That prerequisite is obviously absent here since the district court reduced Cochran's overall term of incarceration." Cochran, 883 F.2d at 1017.

9

for its comment on the Chandler decision.  In Cochran, the
Eleventh Circuit noted that "the former Fifth Circuit [in
Chandler] held that resentencing on an unchallenged count
violates double jeopardy.  Chandler is subject to reexamination,
however, under the double jeopardy analyses set forth in our more
recent sentencing decision of [Jones] and the Supreme Court's
decision in [DiFrancesco]."  Id. at 1015 n.6.  The Eleventh
Circuit also noted that the circuits are split as to "whether
double jeopardy precludes a judge from altering sentences which
are neither illegal nor challenged on collateral attack after a
portion of the original scheme is overturned."  Id. n.6.
However, the Eleventh Circuit did not address this issue in
Cochran and has not since addressed it.

      The Fourth Circuit Court of Appeals has recently ruled
dispositively on this issue, although not in the same factual
setting as the present action.  See United States v. Silvers, 90
F.3d 95 (4th Cir. 1996).  In Silvers, the defendant was found
guilty by a jury of supervising a continuing criminal enterprise
("CCE"), conspiracy to possess with intent to distribute cocaine,
three counts of possession with intent to distribute cocaine, two
counts of interstate travel in aid of racketeering, and
conspiracy to defraud the United States.  Silvers, 90 F.3d at 97.
"The district court vacated Silvers' conviction for conspiracy to
possess and distribute cocaine because it was a lesser-included
offense of the CCE conviction," and "sentenced [him] to 35 years

                              10

on the CCE count, concurrent 15-year sentences on each of the possession with intent to distribute counts, and concurrent 5-year sentences on the remaining counts." Id.

Silvers, through a § 2255 motion, collaterally attacked his CCE conviction, because he claimed it was obtained through perjured testimony. Id. The district court granted Silvers' motion and ordered a new trial on the CCE count. Id. Sua sponte, the district court reinstated Silvers' previously-vacated conspiracy conviction, because it no longer merged into the now-vacated CCE conviction.[4] Id. The district court proceeded to resentence Silvers, and "rather than merely vacating the 35-year sentence for the CCE conviction and imposing a sentence for conspiracy, the district court revisited Silvers' entire sentence, treating it as a package." Id. at 97-98. Silvers appealed the district court's resentencing order. Id. at 98.

On appeal, Silvers argued that he had a legitimate expectation of finality in his sentence, and that the district court's action of reinstating the conspiracy conviction--a lesser included offense of the CCE offense--violated his rights against

---

[4]      The United States Supreme Court decided Rutledge v. United States, ___ U.S. ___, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), while Silvers' appeal to the Fourth Circuit was pending. In Rutledge, the Supreme Court cited with approval the district court's order reinstating Silvers' conspiracy conviction which had previously been vacated. Rutledge, ___ U.S. at ___, 116 S. Ct. at 1250 (citing United States v. Silvers, 888 F. Supp. 1289 (D. Md. 1995)).

11

double jeopardy.[5]  <u>Silvers</u>, 90 F.3d at 98.  Noting that this
issue was one of first impression in the Fourth Circuit, the
court of appeals held:

> This practice does not violate the Double Jeopardy
> Clause because, in essence, the defendant is not
> subjected to multiple punishment; rather, he is placed
> in exactly the same position in which he would have
> been had there been no error in the first instance.
> Such is Silvers' predicament.  By reinstating the
> conspiracy conviction, the district court avoided
> giving Silvers a windfall and placed him in exactly the
> same position he would have been in had he not been
> erroneously convicted of the CCE count in the first
> instance.
>     Silvers asks us to distinguish his case on the
> ground that the district court reinstated the
> previously-vacated conviction on collateral attack, not
> on direct appeal.  Silvers concedes it would not have
> violated the Double Jeopardy Clause for a reviewing
> court on direct appeal to vacate his CCE conviction and
> reinstate the conspiracy conviction.  However, once he
> exhausted his direct appeal, Silvers contends he then
> had an expectation of finality in his conviction and
> sentence that barred reinstatement of previously-
> vacated convictions on collateral attack.
>     We believe that in the present context, Silvers is
> asking us to exalt form over substance and draw a
> distinction without a difference.  The Supreme Court
> has expressly rejected the notion that an expectation
> of finality accrues in all cases at a fixed point in
> time. . . .  Based on <u>DiFrancesco</u>, . . . the
> appropriate inquiry . . . is whether at a particular
> point in time, the defendant has a legitimate
> expectation of finality in his sentence.

<u>Id.</u> at 99-100 (citing <u>DiFrancesco</u>, 449 U.S. at 137, 101 S. Ct. at
437).  In holding that the district court had the authority to

---

        [5]    The issue in the present action is whether a district
court can impose a two-level increase in offense level pursuant
to U.S.S.G. § 2D1.1(b)(1) after the court vacates a § 924(c)(1)
conviction after a successful collateral attack through a § 2255
motion.  Although not an offense, § 2D1.1(b)(1) is, in a sense, a
lesser included offense of § 924(c)(1).

resentence Silver on counts which were not challenged by his §
2255 motion, the Fourth Circuit relied on Cochran.[6] Using the
same rationale as the Eleventh Circuit in Cochran, the Fourth
Circuit found it hard to believe that Silvers had a legitimate
expectation that the earlier vacation of his conspiracy
conviction was final given the fact that Silvers was in the
process of challenging the CCE conviction, upon which the
vacation of the conspiracy count was based. Id. at 100.
Moreover, like in Cochran, even after Silvers was resentenced on
the unchallenged counts, his new total sentence was less than his
prior total sentence, and thus Silvers "suffered no greater
jeopardy on resentencing because the district court actually
decreased the overall sentence." Id.

In a case factually and legally very similar to the present
action, yet not exactly on point, the Second Circuit held that on
remand from an appeal of a § 2255 motion, the district court

---

[6]     Silvers cited two cases to the Fourth Circuit, one from
the former Fifth Circuit--Chandler--and the other from the
Eleventh Circuit--United States v. Rosen, 764 F.2d 763 (11th Cir.
1985), cert. denied, 474 U.S. 1061, 106 S. Ct. 806, 88 L. Ed. 2d
781 (1986) (distinguishing a direct appeal from a collateral
attack). However, the Fourth Circuit disregarded these cases by
saying that "[t]o the extent any of these cases can be read to
stand for the proposition that a district court violates double
jeopardy on resentencing from a successful collateral attack if
it sentences on counts outside those challenged, we think it
clear they were overruled by DiFrancesco and Cochran." Silvers,
90 F.3d at 100 n.2 (also noting that "the Eleventh Circuit [in
Cochran] explicitly called into question their continued vitality
in light of later Eleventh Circuit and Supreme Court
precedents").

13

could resentence the movant on an unchallenged count.  McClain v. United States, 676 F.2d 915, 918 (2nd Cir.), cert. denied, 459 U.S. 879, 103 S.Ct. 174, 74 L.Ed.2d 143 (1982) (adopting the rationale of a similar case, United States v. Busic, 639 F.2d 940 (3rd Cir.), cert. denied, 452 U.S. 918, 101 S.Ct. 3055, 69 L.Ed.2d 422 (1981)).  In McClain, the defendant pled guilty to bank robbery under 18 U.S.C. §§ 2113(a) and (b) and to using a firearm during the commission of a felony under 18 U.S.C. § 924(c).  McClain 676 F.2d at 916.  The district court judge sentenced the defendant to 15 years for the bank robbery counts and 10 years for the § 924(c) count, to be served consecutively. Id.  Thus, the defendant was sentenced to a 25-year "package" sentence.  Id.  The maximum statutory imprisonment for the § 2113 bank robbery counts was 25 years.  Id.  The defendant did not appeal his convictions.  Id.  However, after a Supreme Court decision held that a person could not be convicted under both §§ 2113(d) and 924(c), McClain filed a § 2255 motion challenging his § 924(c) sentence.  Id. at 917.

The district court denied McClain's motion on the basis that the Supreme Court ruling should not be applied retroactively. Id.  However on appeal, the Second Circuit vacated McClain's § 924(c) sentence and also vacated his § 2113 sentence, instructing "the district court that if, on remand, it decided to impose a longer sentence under § 2113(d) than the fifteen years it had previously imposed on that count, it should consider whether this

14

would violate the Double Jeopardy Clause." Id. On remand, the

district court sentenced McClain to 20 years for violating §

2113, even though the original sentence had only been 15 years

for that count. Id. McClain appealed, and the court of appeals

noted that . . .

> this is not a case of the Government seeking to
> resentence a defendant after failing to get as great a
> sentence as it hoped.  Appellant, not the government,
> challenged the section 924(c) sentence.  Additionally,
> DiFrancesco teaches that appellant had no legitimate
> expectation of receiving only a fifteen-year sentence,
> because of the lack of finality accorded to sentences
> and because he should have been aware that under
> section 2113(d) he could have been sentenced to twenty
> five years.  "The Double Jeopardy Clause does not
> provide the defendant with the right to know at any
> specific moment in time what the exact limit of his
> punishment will turn out to be."  DiFrancesco, 449 U.S.
> at 137, 101 S. Ct. at 437.
>
> We emphasize, however, that this is a situation in
> which the sentencing judge could not achieve the
> "package" he believed most appropriate through the use
> of concurrent sentences.  Consecutive sentences were
> mandatory is this case under section 924(c) and the
> sentences were truly interdependent.  Therefore, what
> we have said in no way is addressed to a situation
> involving concurrent or non-interlocking sentences.

Id. at 918.  The court of appeals affirmed the district court's

increased sentence on the § 2113(d) conviction.  Id. at 919.

Although the Eleventh Circuit has not revisited its decision

in Chandler, it is clear that the court of appeals questions

whether the Chandler decision is still good law in light of

DiFrancesco and other double jeopardy decisions.  More recently

than Cochran, the Eleventh Circuit hinted that district courts

may have the authority to resentence a defendant on unchallenged

15

counts after a successful collateral attack on fewer than all of the counts on which a defendant was convicted.  See <u>United States v. Jackson</u>, 923 F.2d 1494 (11th Cir. 1991).

> Actually, the overall sentencing package may have been
> reopened in every respect once the sentences on counts
> two and three were nullified; but we need not decide
> that question today.  The government contends that
> whenever a portion of a sentencing package is
> challenged, the judge modifying the sentencing package
> should be able to modify any portion of that package as
> long as the resulting aggregate sentence is less
> onerous than it was prior to the challenge.  This
> argument is based on the holistic nature of the trial
> judge's sentencing decision:  rather than sentencing
> count by count, the judge looks at the totality of the
> defendant's conduct and fashions a sentencing package
> he deems to be the appropriate societal response.  This
> government contention has already been accepted by this
> court as the preferable approach in the context of
> resentencing after a direct appeal.  <u>See</u>, <u>e.g.</u>, <u>United
> States v. Curry</u>, 902 F.2d 912 (11th Cir.1990) (holding
> sentence on some, but not all, counts illegal, but
> nonetheless vacating all of the sentences--legal and
> illegal--to allow sentencing judge to refashion new
> overall sentencing plan).  The context of a Rule 35
> challenge to a sentence may present procedural and
> jurisdictional obstacles to this holistic approach,
> however; for the legal portions of the sentencing
> package have not been vacated and the case has not been
> remanded for total resentencing.  Nonetheless, the
> seventh circuit has held that neither Rule 35 nor
> double jeopardy concerns prevent a district judge from
> modifying an entire sentencing package in a Rule 35
> attack.  <u>United States v. Bentley</u>, 850 F.2d 327 (7th
> Cir.), <u>cert.</u> <u>denied</u>, 488 U.S. 970, 109 S.Ct. 501, 102
> L.Ed.2d 537 (1988).  Other courts have gone the other
> way.  <u>See</u> <u>United States v. Minor</u>, 846 F.2d 1184 (9th
> Cir.1988); <u>United States v. Henry</u>, 709 F.2d 298 (5th
> Cir.1983) (en banc) (plurality opinion).  Because we
> have found that the order correcting sentence below
> operated only on the challenged, illegal portions--the
> sentences on counts two and three--of Jackson's
> sentencing package, this is not the appropriate case in
> which to decide this issue.

<u>Jackson</u>, 923 F.2d at 1499 n.5.

In Cochran, the Eleventh Circuit affirmed a district court's decision to resentence a prisoner on aspects of his sentence which were not challenged in his § 2255 motion. Although the Cochran decision involved a prisoner who challenged one aspect of all of his sentences, this court sees no reason why the rationale in Cochran should not equally apply to § 2255 motions where the prisoner challenges fewer than all of the counts on which he was convicted. Additionally, the facts of this case are distinguishable from those of Chandler in three major aspects.

First, Chandler involved a case where the district court made a mistake in sentencing the defendant the first time. As stated above, the district court mistakenly transposed the two sentences on the wrong counts. In the present action, there was no mistake by the district court in sentencing the defendant the first time. As the law existed on the date of sentencing, the district court correctly sentenced the Defendant Edna Oliver to five years imprisonment for using a firearm in relation to a drug trafficking crime, to be served consecutively with her other sentences. At the original sentencing, the district court properly did not enhance her sentences under § 2D1.1(b)(1).

Second, the court of appeals, in Chandler, thought that imposing the district court's original intention at resentencing was too speculative. The Chandler court noted that there was no way to conclusively prove the district court's intentions at the first sentencing hearing. In the present action, the court's

17

intentions are and were plainly clear. The court imposed a five year sentence of imprisonment for using a firearm in relation to a drug trafficking crime. Obviously, it was the intent of the court to punish the Defendant for the firearms which were found in her house. After the § 924(c) sentences were vacated, the court should be able to impose an enhancement under § 2D1.1(b)(1) for the presence and possession of a firearm if the firearm was connected to the drug trafficking. The court's intentions were plainly clear at the first sentencing and are not too speculative. Moreover, in Cochran, the Eleventh Circuit held that on remand to the district court, the district court could sentence the defendant to a term "which approximated his original sentencing intent. . . ." Cochran, 883 F.2d at 1017.

Third, in Chandler, the prisoner appealed because the district court, upon resentencing, raised his sentence of imprisonment on an unchallenged count from three years to the statutory maximum of five years. The court of appeals noted that the district court, at the original sentencing, could have sentenced the defendant to the statutory maximum to begin with, and by later raising the unchallenged sentence, the district court violated the defendant's rights against double jeopardy. However, in the present action, the court could not have enhanced Defendant Edna Oliver's sentence under § 2D1.1(b)(1) at the original sentencing, because the court had already imposed a sentence under § 924(c) for using a firearm in relation to a drug

18

trafficking crime.  To have imposed a sentence under § 924(c) and enhanced the drug trafficking sentence under § 2D1.1(b)(1) would have been double counting.

The facts of a recent Sixth Circuit opinion are relevant to this issue of double counting.  See United States v. Clements, 86 F.3d 599 (6th Cir. 1996).  In Clements, the defendant was convicted for violating 21 U.S.C. § 846 and 18 U.S.C. § 2, conspiracy and attempt to possess with intent to distribute methamphetamine, and for violating 18 U.S.C. § 924(c), using a firearm in relation to a drug trafficking crime.  Clements, 86 F.3d at 600.  Defendant appealed, and his convictions were affirmed.  Id.  However, after the appeal, the Supreme Court decided Bailey v. United States, ___ U.S. ___, ___, 116 S. Ct. 501, 505, 133 L. Ed. 2d 472 (1995), which affected the "use" prong of § 924(c).  Id.  In light of Bailey, defendant filed a Motion for Reconsideration/Petition for Rehearing with the court of appeals.  Id.  After finding that the evidence was insufficient to support a conviction under § 924(c), the court of appeals considered whether on remand to the district court for resentencing the district court could impose a two-level upward adjustment of the defendant's offense level under U.S.S.G. § 2D1.1(b)(1).  Id.  In making its decision, the court of appeals had to determine whether the § 924(c) conviction was "interdependent" with the methamphetamine convictions:

We conclude that defendant's sentences for his multiple

19

convictions were interdependent. United States
Sentencing Guideline § 2D1.1(b)(1) provides for a two
point increase in offense level when a firearm is
possessed in the course of a crime involving the
unlawful manufacturing, importing, exporting, or
trafficking of drugs. If, however, the defendant is
charged with and sentenced separately for using or
carrying a firearm in violation of 18 U.S.C. § 924(c),
the two-level enhancement for firearm possession
pursuant to § 2D1.1(b)(1) is not permitted so as to
avoid double counting. See U.S.S.G. § 2K2.4, comment.
(n.2); see also United States v. Harris, 959 F.2d 246,
266-67 (D.C. Cir.), cert. denied, 506 U.S. 932, 113 S.
Ct. 362, 121 L. Ed. 2d 275 (1992).[7]

 Had the defendant not been convicted under §
924(c), the [d]istrict [c]ourt would have had the
discretion to increase his drug trafficking offense
level for firearm possession. However, since he was in
fact convicted under § 924(c), it did not have such
discretion. As such, defendant's sentences for his
drug offenses and using or carrying a firearm were
interdependent.

Id. at 601. Finding that his convictions were interdependent,

the court of appeals remanded the case to the district court for

resentencing, where the district court could apply the two level

enhancement to the methamphetamine counts. Id.

 The court finds that Chandler is legally and factually

distinguishable from the present action. Pursuant to the

rationale in Cochran and Silvers, and being a case of first

impression in this district, the court finds that it has the

authority and jurisdiction to resentence a prisoner on an

unchallenged count after a successful collateral attack on fewer

than all of the prisoner's prior convictions. Such action by

---

 [7]     See also United States v. Henderson, 75 F.3d 614, 617
(11th Cir. 1996).

this court is necessary to achieve the court's original sentencing intentions, especially in light of the interdependent nature of § 924(c) and Defendant's other convictions.

Furthermore, as noted above, the § 2D1.1(b)(1) enhancement is basically a lesser included offense of § 924(c), and thus, by attacking her § 924(c) conviction, Edna Oliver knew or should have known that the court could impose the § 2D1.1(b)(1) enhancement in the place of the § 924(c) sentence. Therefore, Oliver had no legitimate expectation of finality in her sentence. The action by the court does not infringe upon Oliver's rights against double jeopardy. Moreover, by vacating the § 924(c) conviction and imposing the § 2D1.1(b)(1) enhancement, the court would be reducing Oliver's overall sentence. Therefore, the action by the court does not infringe Oliver's right to due process. The decision of the court today is in line with the majority of district courts which have already addressed this issue.

The dispute as to whether the court has jurisdiction to resentence a prisoner on unchallenged counts involves the proper scope of a § 2255 motion. District courts which view § 2255 as allowing the court to revisit the entire sentence have, when faced with the same issue as the one in the present cause, resentenced the prisoner by adding the § 2D1.1(b)(1) enhancement. See, e.g., Woodhouse v. United States, ___ F. Supp. ___, 1996 WL 421866 (C.D. Ill. 1996); Merritt v. United States, 930 F. Supp.

1109 (E.D.N.C. 1996); United States v. Tolson, ___ F. Supp. ___,
1996 WL 425938 (D.D.C. 1996); Mixon v. United States, 926 F.
Supp. 178 (S.D. Ala. 1996); Alton v. United States, 928 F. Supp.
885 (E.D. Mo. 1996). On the other hand, district courts which
view § 2255 as allowing the court only to revisit the sentence on
the challenged count have refused to apply the § 2D1.1(b)(1)
enhancement to an unchallenged count on the grounds that they
lack jurisdiction. See, e.g., Warner v. United States, 926 F.
Supp. 1387 (E.D. Ark. 1996); Dossett v. United States, 931 F.
Supp. 686 (D.S.D. 1996); Rodriguez v. United States, ___ F. Supp.
___, 1996 WL 361538 (S.D.N.Y. 1996); United States v. Forrest,
___ F. Supp. ___, 1996 WL 428710 (E.D. Va. 1996).

Generally, "[t]he court may not modify a term of
imprisonment once it has been imposed except that . . . the court
may modify an imposed term of imprisonment to the extent
otherwise expressly permitted by statute or by Rule 35 of the
Federal Rules of Criminal Procedure. . . ." 18 U.S.C. §
3582(c)(1)(B). Admittedly, there is no provision in Rule 35
which would allow the court to modify the term of imprisonment on
Edna Oliver's unchallenged counts. However, a reading of the
plain language of § 2255 shows that the court does have the
authority to revisit the Defendant's entire sentence. Upon a
successful collateral attack, a district court ". . . shall
vacate and set the judgment aside and shall discharge the
prisoner or resentence him or grant a new trial or correct the

sentence as may appear appropriate." 28 U.S.C. § 2255. Pursuant
to the requirements of § 2255, this court has already vacated and
set aside both Defendants' convictions under § 924(c)(1).

Continuing to follow the words of § 2255, the court must now
perform one of four functions: (1) discharge the Defendants; (2)
resentence them; (3) grant them a new trial; or (4) correct their
sentences. However, a problem arises if the court follows the
minority of district courts which hold that the relief under §
2255 is limited to the challenged count.

> [B]ecause the successful Bailey petitioner could still
> be serving the part of the sentence associated with the
> predicate drug offense, certainly the [c]ourt could not
> discharge the prisoner--option number one. And,
> because--as a result of the Bailey decision--the
> petitioner did not violate § 924(c)(1), there is no
> conviction under § 924(c)(1) for the [c]ourt to conduct
> a resentencing, nor would there be a § 924(c)(1)
> sentence for the [c]ourt to correct as may appear
> appropriate--options number 2 and 4. Similarly,
> [since] the petitioner did not commit an offense in
> violation of § 924(c)(1), the [c]ourt cannot obviously
> grant a new trial on the § 924(c)(1) charge--option
> number 3. In conclusion, if the available forms of
> relief are limited to solely the conviction under
> attack in the § 2255 motion, there does not appear to
> be a statutorily authorized form of relief available
> for the [c]ourt to grant in the instant situation--
> thus, what is the [c]ourt to do?

Woodhouse v. United States, ___ F. Supp. ___, 1996 WL 421866 at
*3 (C.D. Ill. 1996). Furthermore, relief under § 2255 is "broad
and flexible," and nothing in the language of the statute
indicates that it should be applied in a narrow, restrictive
manner. Woodhouse, 1996 WL 421866 at *3 (citing United States v.
Garcia, 956 F.2d 41, 45 (4th Cir. 1992) ("The § 2255 remedy is

broad and flexible and entrusts to the courts the power to
fashion an appropriate remedy.")).

    Allowing a district court to reconsider a movant's entire
sentence, rather than just the sentences on the challenged
counts, is consistent with the Eleventh Circuit's view of
sentences as a "package".  See United States v. Curry, 902 F.2d
912 (11th Cir. 1990) (involving resentencing by district court
after a direct appeal).  Although the Eleventh Circuit views
sentences as a "package" when remanding a case to district court
for resentencing after a direct appeal, it has not decided
whether the "holistic nature" of sentencing packages applies in §
2255 collateral attacks.  United States v. Jackson, 923 F.2d
1494, 1499 n.5 (11th Cir. 1991).  However, as the 4th Circuit
recently noted, to recognize a distinction between a direct
appeal and a collateral attack in the present context would be
"to exalt form over substance and draw a distinction without a
difference."  Silvers, 90 F.3d at 99.

    Furthermore, as noted above, because the Defendant was
convicted of § 924(c)(1), the court was precluded from
considering the § 2D1.1(b)(1) enhancement at the original
sentencing.  Now that the § 924(c)(1) conviction and sentence
have been vacated, the court should be able to apply the
enhancement to the underlying conviction as "necessary in order
to ensure that the punishment still fits both crime and
criminal."  United States v. Pimienta-Redondo, 874 F.2d 9, 14

(1st Cir. 1989), cert. denied, 493 U.S. 890, 110 S.Ct. 233, 107
L.Ed.2d 185 (1989) (elaborating on the sentencing package
principle).

The court holds that it has jurisdiction under 18 U.S.C. §
3582(c)(1)(B) and 28 U.S.C. § 2255 to resentence or correct the
sentence given to Defendant on the unchallenged counts on which
she was previously convicted.  Such a holding is consistent with
the holistic nature of sentencing and is necessary to ensure that
the punishment meets the Defendant's crimes.  When the
Defendant's § 924(c)(1) conviction was vacated, the prior
sentencing package fell apart, and now the court must put it back
together.

## C.  **Government's Motion for Resentencing Johnnie Oliver**

A procedural difference exists on the issue of resentencing
Edna Oliver and Johnnie Oliver.  While Edna Oliver's § 2255
motion was pending before the court, the Government, in its
response to her motion, requested that the court resentence her.
However, in the case of Johnnie Oliver, after the court granted
his § 2255 motion and vacated his § 924(c)(1) conviction and
sentence, the Government, later that same day, filed a Motion for
Resentencing.  Johnnie Oliver's appointed counsel filed a
response to the Government's motion for resentencing on August
21, 1996.  In the response, Johnnie Oliver argued that because

25

the court had already ruled on the § 2255 motion without raising the resentencing issue, the court is now without authority to resentence. The court disagrees.

As an initial matter, it must be determined whether the Government has the jurisdiction to raise an issue by motion in a § 2255 proceeding. In Mixon v. United States, 926 F. Supp. 178 (S.D. Ala. 1996), the court found that it had the authority and jurisdiction to resentence a § 2255 petitioner on unchallenged counts after a successful collateral attack on a § 924(c)(1) conviction; however, the court also held that the Government had no jurisdiction under § 2255 to make a motion for resentencing. Mixon v. United States, 926 F. Supp. 178, 181 (S.D. Ala. 1996). The court based its holding on the fact that the relief under § 2255 can only be requested by a prisoner. Mixon, 926 F. Supp. at 181. Because the Government was not a prisoner, the court held that it did not have jurisdiction to make a motion. Id.

This court respectfully disagrees with that aspect of the Mixon decision. It is not logical to hold that a party to an action does not have jurisdiction to raise an issue by motion, especially an issue which the court has the authority and jurisdiction to consider. An examination of the Rules Governing Section 2255 Proceedings for the United States District Courts shows that Congress intended the Government to play an adversarial role in § 2255 proceedings.

"[A] motion under § 2255 is a further step in the movant's

26

criminal case and not a separate civil action. . . ."  Rule 1,
Rules Governing Section 2255 Proceedings for the United States
District Courts, advisory committee notes (hereafter, "Section
2255 Rule ___").  "[T]he application for relief is in the form of
a motion rather than a petition. . . .  The United States
Attorney for the district in which the judgment under attack was
entered is the proper party to oppose the motion since the
federal government is the movant's adversary of record."  Section
2255 Rule 2, adv. comm. notes.  Thus, the Section 2255 Rules
characterize § 2555 proceedings as a further motion in the
original criminal case and place the Government in a position of
opposing the motion.

        The strongest evidence of Congress' intent to allow the
Government to file responsive motions in a § 2255 proceeding is
found in Rule 3.  After noting that the clerk of the district
court shall serve a copy of a movant's § 2255 motion on the
Government, Rule 3 says that the Government is not required "to
answer the motion or otherwise move with respect to it unless so
ordered by the court."  Section 2255 Rule 3 (emphasis added).
Although the Government is not required, the implication of Rule
3 is that the Government may file an answer or motion in its
discretion.

        Other provisions of the Section 2255 Rules contemplate the
Government's full involvement in a § 2255 motion.  The court can
order the Government to file an answer and to supplement its

                                    27

answer with affidavits and other records. See Section 2255 Rules 4 and 5. The United States Attorney "is the most appropriate one to defend the judgment and oppose the [§ 2255] motion." Id. adv. comm. notes. Moreover, Rule 6 refers to the Government as a "party" to the § 2255 motion. Section 2255 Rule 6 (allowing a "party [to] invoke the processes of discovery . . . if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise"). Finally, Rule 9 allows the court to dismiss the § 2255 motion if the Government has been prejudiced in its ability to respond by the movant's delay in bringing the motion. Section 2255 Rule 9.

One other aspect of a § 2255 motion supports the contention that the Government has jurisdiction under a § 2255 motion to fully participate in its determination. It has been held that upon the granting of a § 2255 motion, the Government has the right to appeal. United States v. Williamson, 255 F.2d 512, 515-516 (5th Cir. 1958) (per curiam).[8]

In the absence of a particular Section 2255 Rule pertaining to the Government's ability to make a motion, the court is able to look to the Federal Rules of Civil Procedure and/or the Federal Rules of Criminal Procedure. See Section 2255 Rule 12. Both sets of rules provide that "[a]n application to the court

---

[8]      The Eleventh Circuit, in the en banc decision Bonner v. City of Pritchard, 661 F. 2d 1206, 1209 (11th Cir. 1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

for an order shall be by motion." Fed. R. Crim. P. 47; Fed. R.
Civ. P. 7(b). When the Government opposes a § 2255 motion,
basically it asks the court for an order denying the § 2255
motion. In this case, after the court granted the § 2255 motion,
the Government moved the court to exercise its jurisdiction and
authority under § 2255 to resentence Johnnie Oliver.

The court holds that the Government has the jurisdiction, as
an adversary in a § 2255 proceeding, to file a motion asking the
court to exercise it authority and jurisdiction under § 2255.
Such a holding is consistent with the nature of a § 2255 motion
as a continuation of the original criminal case.

Having determined that the Government may make a motion in a
§ 2255 proceeding, the issue now becomes whether the Government
can make such a motion after the court has already ruled on the §
2255 motion, as opposed to making the motion during the pendency
of the § 2255 motion. This is a peculiar issue, one which is not
dealt with in the Section 2255 Rules. Section 2255 Rule 12
provides that "[i]f no procedure is specifically prescribed by
these rules, the district court may proceed in any lawful manner
not inconsistent with these rules, or any applicable statute, and
may apply the Federal Rules of Criminal Procedure or the Federal
Rules of Civil Procedure, whichever it deems most appropriate, to
motions filed under these rules." Section 2255 Rule 12.

The issue presented to the court has been determined by both
the Seventh and Second Circuit Courts of Appeal. There being no

rules in the Federal Rules of Criminal Procedure which apply to this issue, the Court of Appeals for the Seventh Circuit found that "district courts should apply Rule 59(e) [of the Federal Rules of Civil Procedure] to motions to reconsider section 2255 orders." United States v. Gargano, 826 F.2d 610, 611 (7th Cir. 1987); see also United States v. Clark, 984 F.2d 31, 32 (2nd Cir. 1993) (holding that "a motion to reconsider a section 2255 ruling is available [and] that it is to be treated as a Rule 59(e) motion if filed within 10 days of entry of the challenged order"); United States v. Ginsburg, 705 F. Supp. 1310, 1328 (N.D. Ill. 1989) (granting Government's motion for reconsideration which was filed after the court granted movant's § 2255 motion). Moreover, even though the Federal Rules of Criminal Procedure do not contain any provisions for motions filed after the determination of a § 2255 motion, "the Supreme Court has held that a motion for reconsideration may be filed in a criminal case. . . ." Gargano, 826 F.2d at 611 (citing United States v. Healy, 376 U.S. 75, 77-80, 84 S.Ct. 553, 554-556, 11 L.Ed.2d 527 (1964); United States v. Dieter, 429 U.S. 6, 97 S.Ct. 18, 50 L.Ed.2d 8 (1976) (per curiam)).

Rule 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e).

> A motion for reconsideration is a Rule 59(e) motion even where (as here) the motion neither cites the rule nor asks the court in so many words to alter or amend

> its judgment . . . ; for all substantive motions served
> within 10 days of the entry of a judgment will be
> treated as based on Rule 59. By substantive motion we
> mean one that if granted would result in a substantive
> alteration in the judgment rather than just in a
> correction of a clerical error or in a purely
> procedural order such as one granting an extension of
> time within which to file something.

Gargano, 826 F.2d at 611 (internal citations and quotations

omitted); see also Stallworth v. Shuler, 758 F.2d 1409 (11th Cir.

1985) (treating motion to reconsider as rule 59(e) motion).

On August 1, 1996, the court issued its order granting

Johnnie Oliver's § 2255 motion and vacating his § 924(c)(1)

conviction and sentence. In that order, the court noted that

Johnnie Oliver "will remain in custody to complete his 97 month

sentence on the other three counts on which he was convicted."

Later that day, the Government filed its Motion for Resentencing.

The Government argued that the court should resentence Johnnie

Oliver and apply the § 2D1.1(b)(1) 2-level enhancement to his

earlier cocaine base convictions. The court views this motion

for resentencing as a motion to reconsider the court's statement

in its order that Johnnie Oliver "will remain in custody to

complete his 97 month sentence."

Viewing the Government's motion as a motion to reconsider

the court's earlier order, and noting that the Government filed

this motion within the 10-day time period prescribed in Rule

59(e), the court holds that it can properly consider the

Government's motion. Moreover, in light of the above holding by

31

the court that it has the authority and jurisdiction to
resentence a § 2255 movant on unchallenged counts, the
Government's Motion to Resentence, viewed as a motion under rule
59(e), is due to be and hereby is **GRANTED**.

### III. CONCLUSION

Based on the foregoing,

It is hereby **ORDERED** that Edna Oliver's § 2255 motion to
vacate, set aside, or correct her sentence for using and carrying
a firearm during and in relation to a drug trafficking crime in
violation of § 924(c)(1) is due to be and hereby is **GRANTED**.  It
is further ORDERED that Edna Oliver's conviction under §
924(c)(1) is due to be and hereby is **VACATED** and **SET ASIDE**.

It is further **ORDERED** that pursuant to the Government's
request in its response to Edna Oliver's § 2255 motion, the Court
will reconsider the sentence imposed on Edna Oliver for her
remaining unchallenged convictions, and will determine if a 2-
level enhancement is warranted under U.S.S.G. § 2D1.1(b)(1).  The
court will issue a separate order in the underlying criminal
action scheduling a hearing on the resentencing.

It is further **ORDERED** that the Government's Motion for
Resentencing Johnnie Oliver, viewed as a motion under Fed. R.
Civ. P. 59(e), is due to be and hereby is **GRANTED**.  It is further
**ORDERED** that this court's Order of August 1, 1996, be and hereby
is **AMENDED** as follows:  (1) the last sentence of the third

paragraph shall be stricken; and (2) after the first sentence of the third paragraph, insert "It is further **ORDERED** that the court will reconsider the sentence imposed on Johnnie Oliver for his remaining unchallenged convictions, and will determine if a 2-level enhancement is warranted under U.S.S.G. § 2D1.1(b)(1).  The court will issue a separate order in the underlying criminal action scheduling a hearing on the resentencing."


DONE this 30th day of September, 1996.


W. HAROLD ALBRITTON
UNITED STATES DISTRICT JUDGE

33